UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHERYL D. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00456-TWP-TAB |
| | ) | |
| MORGAN COUNTY INDIANA, | ) | |
| IU MEDICAL CENTERS OF IN, | ) | |
| CENTER STONE | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE

This matter is before the Court on *pro se* Plaintiff Cheryl D. Allen's ("Allen") Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 2). Because Allen is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A.  Filing Fee**

Allen's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135,

at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.     Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### C.     Allen's Complaint

Allen names the Morgan County Commissioners/Courts ("the Commissioners") and IU Medical Centers of IN ("IU Medical") , and Center Stone as Defendants in this civil action, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, and violations of the Bill of Rights to the United States Constitution and federal election laws (Dkt. 1). Specifically, Allen alleges that in 2006, she filed an employment discrimination lawsuit against a former employer[1] and has been retaliated against ever since (Dkt. 1 at 5). The hospital (presumably IU Medical) participated in a scheme of retaliation "by using [Allen's] mental health as a way to discourage [her] from suing and aiding in the defense of the business owner." *Id.* IU Medical's retaliatory actions "included kickbacks and or donations to charities . . . and possibly even the embezzlement for profit by the county court, police dept and sheriffs department." IU Medical harassed her by using "constitutional amendments as business rights instead of using it for its intended purpose, the rights of the individual," and engaged in religious harassment by asking Allen "to accept this harassment and retaliation as 'God's will' against [Allen]." *Id.*

Allen further alleges that "[s]everal years ago the county clerk (presumably the Commissioners) employed a young girl with no experience or education in law beyond high school and told [Allen] that [the clerk] could hire anyone she wanted to, stating Indiana was a hire and fire at will state." *Id.*  Allen seeks damages in the amount of fifteen million dollars, as well as orders enjoining the Defendants from retaliating against Allen "and others like [her]," fining "individuals in the govt." three-hundred thousand dollars and closing "any religious or community organization who have used religion as a source of retaliation." *Id.* at 5.

---

[1] Based on the Court's review of its public records, Plaintiff appears to refer to the action *Allen v. Value City Furniture*, No. 1:06-cv-01467 (S.D. Ind. filed Oct. 5, 2006).

### D. Dismissal of Complaint

Based on the allegations in the Complaint, this Court does not have jurisdiction to adjudicate the claims brought by Allen. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Complaint conclusorily alleges that IU Medical used Allen's "mental health" to prevent her from pursuing her 2006 lawsuit against her former employer by making a variety of unspecified "donations" and "kickbacks," and they asked Allen to accept harassment as "God's will" (Dkt. 1 at 5). As best the Court can discern, the Complaint conclusory alleges that the Commissioners discriminated against Allen by hiring an experienced young girl. The Complaint makes no allegation at all concerning Corner Stone. The Court cannot discern from these allegations what actions any Defendant took to allegedly harass or retaliate against Allen, or how the Defendants' alleged conduct has harmed Allen. The Court likewise cannot discern from Allen's reference to the Bill of Rights how Defendants allegedly violated Allen's constitutional rights, or which constitutional rights were allegedly violated. Without any factual allegations pointing to specific conduct by each Defendant and a specific harm suffered by Allen, the Complaint does not

adequately state a claim upon which relief may be granted, and this case must be dismissed for lack of subject matter jurisdiction.

It appears that even with more detail, however, there would be additional grounds for dismissal of Allen's claims. Allen cannot sustain her Title VII claims because defendants were not her employer or prospective employer and did not cause her to suffer an adverse employment action. Title VII only prohibits employers from discriminating against employees. And to plead retaliation under Title VII, "a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). The Complaint does not allege that Defendants ever employed Allen or otherwise had control over her terms of employment. Allen's nonspecific reference to the "county clerk" hiring a "young girl" at some time "[s]everal years ago" does not suffice to allege that any of the Defendants was Allen's employer or prospective employer for purposes of imposing liability under Title VII (Dkt. 1 at 5). Allen has not alleged that any Defendant to this action has caused her any adverse employment action, or that they had the authority to cause any such action. Accordingly, Allen has not adequately alleged any claims against Defendants under Title VII.

The Complaint also does not adequately state a claim against the Defendants under 42 U.S.C. § 1983 ("Section 1983") for the alleged violation of Allen's constitutional rights. "Section 1983 prohibits unconstitutional actions by persons acting under the color of state law." *Cosgriff v. County of Winnebago*, 876 F.3d 912, 915 (7th Cir. 2017). Because Section 1983 claims "may only be maintained against defendants who act under color of state law . . . the defendants in § 1983 cases are usually government officials" and not private companies. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (citing *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184

F.3d 623, 628 (7th Cir. 1999)). The Complaint does not allege that IU Medical Centers of IN or Center Stone are government actors, so Allen cannot assert constitutional claims against them.

Further, municipal entities like Morgan County "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005–06 (7th Cir. 2017); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the action of the entity's agents." *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017); *see also Oliverio v. Butler Univ.*, No. 15-cv-01630, 2017 WL 1650501, at *7 (S.D. Ind. May 2, 2017) ("vicarious liability under a theory of *respondeat superior* is not a recognized cause of action under Section 1983"); *Barnhouse v. City of Muncie*, 499 F. Supp. 3d 578 (S.D. Ind. 2020) (same). Thus, to allege a *Monell* claim, a plaintiff must plead not only that her rights were violated but also that the municipal defendant was the "moving force" behind her constitutional injury. *Monell*, 436 U.S. at 691–95. The "moving force" requirement is shown through (1) the existence of an express municipal policy that caused the alleged constitutional violation, (2) the person who committed the constitutional violation was a public official with final policymaking authority, or (3) the existence of a pattern, practice, or custom that was so widespread or persistent that it rises to the level of a municipal policy. *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). Allen does not allege that she was harmed because of a policy, practice, or custom of Morgan County, so she has not adequately alleged viable constitutional claims against Morgan County.

Because Allen has failed to state a claim upon which relief may be granted as currently pled, the Complaint is subject to dismissal for lack of jurisdiction.

### E. Opportunity to Show Cause

Allen shall have through **Friday, May 3, 2024**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano*, 722 F.3d at 1022 ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Allen elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Allen claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

### CONCLUSION

For the reasons stated above, Allen's Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 2) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Allen is granted leave to file an amended complaint by no later than **Friday, May 3, 2024**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

Further, the **clerk is directed** to add on the docket "Center Stone" as a named defendant to this action.

**SO ORDERED**.

Date: 4/2/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHERYL D. ALLEN
P.O. Box 1102
Martinsville, IN 46151